# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 8340 | DATE | 2/18/2003 |
| CASE TITLE | Wisconsin Vendors, Inc. vs. County of Lake | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiff Wisconsin Vendors, Inc.'s Motion for Partial Summary Judgment [30-1] is denied. Defendant County of Lake's Motion for Summary Judgment [36-1] is hereby granted. Plaintiff's Motion to be Permitted to File a Supplemental Complaint [52-1] is denied. Case terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 1 9 2003 date docketed | |
| | Docketing to mail notices. | | | 61 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 03 FEB 19 AM 9:57 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

WISCONSIN VENDORS, INC.      )
                                     )
             Plaintiff,    )
                                     )
      v.                        )     No. 99 C 8340
                                     )
LAKE COUNTY, ILLINOIS      )     Judge Joan B. Gottschall
                                   )
            Defendant.   )

DOCKETED
FEB 1 9 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Wisconsin Vendors, Inc. brought this action against defendant Lake County under 42 U.S.C. § 1983, alleging that a Lake County ordinance unconstitutionally regulated activities that are protected by the First Amendment. Wisconsin Vendors and Lake County have both moved for summary judgment. After briefing on summary judgment was complete, plaintiff sought leave to file a "supplemental" complaint. For the reasons set forth below, plaintiff's motion for partial summary judgment is denied. Defendant's motion for summary judgment is granted. Further, plaintiff's motion for leave to file a supplemental complaint is denied.

**Background[1]**

Wisconsin Vendors operates a retail store, Select Video, in Lake County, Illinois. Select Video sells and rents various items to the public, including books, magazines, newspapers, videotapes, and other items. Prior to March 2000, Select Video's inventory contained a mixture of sexually explicit, but not obscene, materials and other materials that were not sexually explicit.

The 1998 Lake County Ordinance ("1998 Ordinance") at issue in this case required that all

---

[1]The material facts outlined by the court are undisputed unless noted. For a more comprehensive recitation of the factual background of this case, see *Wisconsin Vendors, Inc. v. Lake County, IL*, 152 F. Supp. 2d 1087 (N.D. Ill. 2001).

"Adult Entertainment Establishments" apply for and receive a license in order to conduct business in the County. Lake Cty. Ord. 6:1-15 (1998). The ordinance required license applicants to post a $5000 bond and pay a nonrefundable $200 administrative processing fee. *Id.* The 1998 Ordinance further provided that the "Adult Use Commissioner" must either issue or deny a license, depending on compliance with certain criteria, within 30 days of receipt of a completed application. *Id.*

The present dispute involves the definition of "Adult Entertainment Establishments" in the 1998 Ordinance. The 1998 Ordinance defined three separate categories of Adult Entertainment establishments: "Adult Cabaret," "Adult Store," and "Adult Theater." An Adult Store was defined as any commercial establishment that: (1) contains viewing booths used to demonstrate Adult Materials, or (2) has "a substantial or significant portion of its business offers for sale, rental, or viewing any Adult Materials," or (3) has a "segment or section devoted to the sale or display of Adult Materials." Lake Cty. Ord. 6:1-15, § 3 (1998). The ordinance defined "Adult Materials" as any books, magazines, films, video cassettes, or other visual representations that are distinguished or characterized by an emphasis on the exposure, depiction, or description of certain specified anatomical areas or the conduct or simulation of certain specified sexual activities. *Id.*

When Select Video first opened, Wisconsin Vendors sought to avoid regulation of Select Video as an Adult Entertainment Establishment. Adult Entertainment Establishments have restricted hours of operation and must be closed on Sundays and on state and federal holidays. In addition, Adult Stores are subject to further regulations, including limits on the size of exterior signage. In an effort to avoid having Select Video classified as an Adult Store, Wisconsin Vendors consulted with Lake County authorities in an attempt to ascertain what level of adult materials, in comparison

to non-adult materials, would trigger regulation under the "substantial or significant portion" phrase of the 1998 Ordinance. Lake County officials visited Select Video on multiple occasions in order to determine whether or not Select Video fell under the definition of an Adult Store. Wisconsin Vendors and the County present conflicting accounts of what was said on these visits. Despite Wisconsin Vendors' attempts to reduce the amount of adult material at the Select Video store, the County found it to be an Adult Store under the 1998 Ordinance. On March 1, 2000, while this suit was pending, Wisconsin Vendors applied for an Adult Store license for Select Video.[2] The County granted its application. As of March 1, 2000, Select Video reorganized so that it is now operating with 100% of its inventory in adult materials.

Plaintiff's constitutional challenge centers on the use of the phrase "substantial or significant portion of its business" within the definition of "Adult Store." Plaintiff argues that the phrase renders the ordinance unconstitutionally vague, both facially and as applied to Wisconsin Vendors. Plaintiff also argues that the licensing ordinance is an unconstitutional prior restraint because the vague language allowed the County authorities unbridled discretion in enforcement.

On August 1, 2001, this court granted Wisconsin Vendors' motion for a preliminary injunction holding that "[a]lthough the court is not convinced, at this stage, that the phrase 'substantial or significant portion of its business' is necessarily unconstitutionally vague, the court nevertheless concludes that Wisconsin Vendors has shown a sufficient likelihood of success on the merits to compel the entry of a preliminary injunction." *Wisconsin Vendors*, 152 F. Supp. 2d at

---

[2]During the course of this lawsuit, the County has also maintained that Select Video came within the definition of an Adult Store because it maintained a segment or section devoted to the sale of adult materials. Wisconsin Vendors strongly disputes this allegation. The court need not determine whether this is indeed a disputed, material fact in light of its analysis.

1095.

On October 9, 2001, the County amended the 1998 Ordinance.[3] The amended ordinance

("2001 Ordinance") now provides that a store is an Adult Store if adult materials account for: (1) 30

percent or more of the retail dollar value of gross sales; (2) 30 percent or more of the floor area of

the store open to the public; (3) 30 percent or more of the retail dollar value of all merchandise

displayed in the store; (4) 30 percent or more of the store's inventory (whether measured by retail

dollar value or number of items); or (5) 30 percent or more of the store's stock in trade. Lake Cty.

Ord. § 3.B.4 (2001). Further, a business is classified as an adult business if certain defined types of

live entertainment take place at the business more than 30 percent of the time it is open to the public.

*Id.* The 2001 Ordinance also eliminated the requirement that license applicants post a $5000 bond.

*Id.* at § 6.B.

Finally, on November 6, 2002, Wisconsin Vendors moved this court for leave to file a

"supplemental" complaint alleging, among other things, a constitutional challenge to the amended

2001 Ordinance.

## Analysis

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.

---

[3]For purposes of the motions for summary judgment, plaintiff has not alleged that the amended 2001 Ordinance is unconstitutional.

CIV. P. 56(c).[4] The moving party has the initial burden to prove that no genuine issue of material fact

exists. *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Once

the moving party shows that there is no genuine issue of material fact, the burden of proof shifts to

the nonmoving party to designate specific facts showing that there is a genuine issue for trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## I. Vagueness

Plaintiff challenges the 1998 ordinance as unconstitutionally vague both on its face and as

applied to Wisconsin Vendors. The United States Supreme Court explained the vagueness doctrine

in *Grayned v. City of Rockford*:

> It is a basic principle of due process that an enactment is void for vagueness if its
> prohibitions are not clearly defined. Vague laws offend several important values.
> First, because we assume that man is free to steer between lawful and unlawful
> conduct, we insist that laws give the person of ordinary intelligence a reasonable
> opportunity to know what is prohibited, so that he may act accordingly. Vague laws
> may trap the innocent by not providing fair warning. Second, if arbitrary and
> discriminatory enforcement is to be prevented, laws must provide explicit standards
> for those who apply them. A vague law impermissibly delegates basic policy matters
> to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with
> the attendant dangers of arbitrary and discriminatory application. Third, but related,
> where a vague statute abuts upon sensitive areas of basic First Amendment freedoms,
> it operates to inhibit the exercise of those freedoms. Uncertain meanings inevitably
> lead citizens to steer far wider of the unlawful zone than if the boundaries of the
> forbidden areas were clearly marked.

---

[4]The County contends that Wisconsin Vendors' motion is deficient is certain respects.
The court rejects the County's argument that Wisconsin Vendor's factual statements should be
stricken because they were incorrectly labeled "Proposed Findings of Facts." Because the factual
statements otherwise meet the requirements of Local Rule 56, the court will consider them as
proper statements of undisputed fact. Further, the court will accept the revised Affidavit of Dan
Bishop, which merely corrected the date listed next to Mr. Bishop's signature block. In addition,
because jurisdiction and venue are not at issue in this case, the court will excuse the plaintiff for
failing to include those undisputed facts which support jurisdiction and venue in this case.

408 U.S. 104, 108 (1972) (internal quotations marks, alteration indications, and citations omitted).

While the vagueness concept originated in criminal cases, courts have applied it in the First

Amendment context. *See New Jersey Freedom Org. v. City of New Brunswick*, 7 F. Supp. 2d 499,

514 (D.N.J. 1997) (quoting *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242,

1266 (3d Cir. 1992)). Thus, a law restricting speech is impermissably vague if it fails to provide fair

notice to reasonable persons of what is prohibited, or if it fails to provide reasonably clear guidelines

for law enforcement officials. *See Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983).

The regulation of adult-oriented establishments that sell sexually explicit but non-obscene

materials through the use of ordinances similar to the one at issue here touches upon First

Amendment freedoms. *See e.g. Genusa v. City of Peoria*, 619 F.2d 1203, 1208 (7th Cir. 1980).

Although municipalities may regulate adult-oriented establishments, they may not impermissibly

burden protected speech. *Id.* at 1210-12. Here, Wisconsin Vendors argues that the phrase

"substantial or significant portion of its business" is impermissibly vague in that it does not provide

a person of ordinary intelligence with fair notice of what level of business is enough to trigger

regulation under the ordinance.

The County argues that plaintiff's facial challenge to the ordinance is governed by the recent

Seventh Circuit decision in *Pleasureland Museum, Inc. v. Beutter*, 288 F.3d 988 (7th Cir. 2002).

In *Pleasureland*, a sexually-oriented business brought a Section 1983 action against the City of

Mishawaka, Indiana alleging that a city ordinance designed to regulate sexually-oriented businesses

violated, among other things, the First Amendment. *Id.* at 993. Specifically, the plaintiff in that case

claimed that the definitions of "Adult Bookstore," "Adult Novelty Store," and "Adult Video Store"

6

were unconstitutionally vague. *Id.* at 993, 996. The pertinent portion of the *Pleasureland* ordinance

defined an "Adult Bookstore," "Adult Novelty Store," or "Adult Video Store" as a commercial

establishment which has a "significant or substantial portion of its interior business" devoted to adult

materials. *Id.* at 996. The *Pleasureland* court summarily rejected the plaintiff's argument that the

phrase "significant or substantial portion of its interior business" was overbroad and vague, holding

that "Plaintiffs' remaining overbreadth arguments are meritless and do not warrant discussion. *See*

*Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 53 n.5, 96 S. Ct. 2440, 49 L. Ed. 2d 310 (1976)

(upholding similar 'significant or substantial portion of its stock-in-trade' clause); *City of Renton v.*

*Playtime Theatres, Inc.*, 475 U.S. 41, 44, 106 S. Ct. 925, 89 L. Ed. 2d 29 (1986) (upholding similar

'principle business purpose' clause)."[5] *Id.* at 997 n.4.

As evidenced by the court's opinion granting Wisconsin Vendors a preliminary injunction,

this court, based on the factual record developed in this case, disagrees with the Seventh Circuit's

holding in *Pleasureland*. In holding that the use of the phrase "significant or substantial" was not

vague or overbroad, the court provides no analysis and relies on two Supreme Court cases in which

the relevant phrases – "significant or substantial" and "principle business purpose" – were not even

challenged. The holding in *Pleasureland*, however, is binding authority and must be applied in this

case. *Gacy v. Welborn*, 994 F.2d 305, 310 (7th Cir. 1993) (stating that "[o]urs is a hierarchical

judiciary, and judges of inferior courts must carry out decisions they believe mistaken."). While not

---

[5]Because the quoted language directly addresses – and answers – an argument made by
the *Pleasureland* plaintiff, the court views the pertinent language to be a holding. *See* Black's
Law Dictionary 737 (7th ed. 1999) (defining "holding" as "[a] court's determination of a matter
of law pivotal to its decision"); *cf. United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988)
(defining "dictum" as "a remark, an aside, concerning some rule of law or legal proposition that
is not necessarily essential to the decision . . .").

identical, the language in the 1998 Ordinance is very similar to that found constitutionally sufficient

(indeed, found insufficient to raise a constitutional issue even worthy of discussion) in *Pleasureland.*

In light of *Pleasureland*, defendant's motion for summary judgment regarding the plaintiff's facial

challenge to the 1998 Ordinance is granted. Plaintiff's motion for summary judgment on the facial

challenge to the 1998 Ordinance is denied.

In addition to its facial challenge, Wisconsin Vendors also challenges the constitutionality

of the 1998 Ordinance's use of the phrase "substantial or significant" as applied to the plaintiff. In

light of *Pleasureland*, the court has no choice but to accept the proposition that the use of this phrase

is not constitutionally vague. Wisconsin Vendors has failed to provide this court with any argument

to avoid the impact of *Pleasureland* on its as-applied challenge. The court therefore finds that the

holding in *Pleasureland* dooms plaintiff's as-applied challenge as well. Therefore, defendant's

motion for summary judgment on plaintiff's as-applied challenge is granted. Plaintiff's motion for

summary judgment is denied.

## II.     1998 Ordinance as Prior Restraint

Prior restraints provide public officials with the power to deny the use of a forum in advance

of actual expression. *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 553 (1975). The

Supreme Court has identified two primary situations that render a licensing scheme unconstitutional

under a prior restraint analysis: (1) the scheme places "unbridled discretion in the hands of a

government official or agency," and (2) the scheme does not limit the time within which the

decisionmaker must issue a license or permit. *Special Souvenirs, Inc. v. Town of Wayne*, 56 F.

Supp. 2d 1062, 1085 (E.D. Wis. 1999) (citing *FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 225-26

(1990)). In this case, plaintiff argues that the 1998 Ordinance was an unconstitutional prior restraint in violation of the First Amendment because, due to the vague definition of which businesses are covered by the licensing scheme, the ordinance vested Lake County officials with "unbridled discretion" to either grant or deny requests for licenses.

The County argues that plaintiff's prior restraint challenge, because it is based on plaintiff's vagueness challenge, must also fail in light of *Pleasureland*. The only argument plaintiff made to support its prior restraint challenge was based on plaintiff's now unsuccessful vagueness challenge. Based on the precedent in this circuit, this court is compelled to find that the phrase "substantial or significant portion of [a store's] interior business" in the context of an adult licensing scheme is unambiguous on its face. Because Wisconsin Vendors' vagueness argument falls away in light of *Pleasureland*, Wisconsin Vendors can provide this court with no legally supportable argument that the County had "unbridled discretion" in granting or denying licenses to adult establishments. Therefore, plaintiff's motion for summary judgment based on the prior restraint claim is denied. Defendant's motion for summary judgment based on plaintiff's prior restraint claim is granted.

## III. The Bond Requirement

Under the 1998 Ordinance, an applicant for a license had to provide a $5000 bond to the county. Lake Cty. Ord. 6:1-15, §17 (1998). The bond would be forfeited automatically to reimburse the Licensing Commission for any suspension of revocation proceedings unless the licensee was exonerated at such proceedings. *Id. at* 6:1-15, §17B.4. Because this bond requirement was eliminated from the amended ordinance in 2001, and because its $5000 was returned to it, Wisconsin Vendors no longer challenges the bond requirement and concedes that its claim in this regard is

"completely moot."[6] Therefore, defendant's motion for summary judgment based on the 1998 Ordinance's bond requirement is granted.

## IV.    Dissolution of the Preliminary Injunction

Based on the amendment to the 1998 Ordinance, Plaintiff has withdrawn its request for injunctive relief based on the 1998 Ordinance. In light of this, Wisconsin Vendors asks this court to dissolve the August 2001 preliminary injunction. The amendment of an ordinance moots any claims for injunctive relief based on the old ordinance. *Rembert v. Sheahan*, 62 F.2d 937, 940-41 (7th Cir. 1995) (citing *Penny Saver Publications, Inc. v. Village of Hazel Crest*, 905 F.2d 150, 153 (7th Cir. 1990). In light of the amendment to the 1998 Ordinance, and the court's ruling today, the court hereby dissolves the preliminary injunction it issued in August 2001.

## V.    Plaintiff's Motion To Be Permitted To File a Supplemental Complaint

On November 6, 2002, Wisconsin Vendors moved this court for permission to file a third amended complaint in this case. In so doing, Wisconsin Vendors explained that while it awaited the court's ruling on its challenges to the 1998 Ordinance as briefed in summary judgment, it now wanted to add claims targeted at the amended 2001 Ordinance. The determination of whether leave to amend should be granted is left to the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Although leave to amend should be "freely given," *see* Fed. R. Civ. P. 15(a), leave may be denied by a demonstration of undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing

---

[6]Plaintiff argued that while it was dropping its claim based on the bond requirement, it was reserving its right to receive damages based on that claim. In light of the resolution of this case, the court need not address that issue.

party, or the futility of the proposed amendment. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Wisconsin Vendors' proposed third amended complaint seeks to add two types of claims: (1) claims based on parts of the 1998 Ordinance that were not changed when the ordinance was amended; and (2) claims based on the amended Lake County ordinance related to the definition of adult-oriented businesses.

With respect to the first category of claims, because plaintiff's proposed amended complaint seeks to assert claims based on sections of the 1998 Ordinance that were not amended, the plaintiff could have raised these allegations at the beginning of this lawsuit. These include the claims enumerated at paragraphs 503 (alleging that the zoning ordinance was unconstitutionally vague) and 507 (alleging that the procedures associated with the licensing ordinance violated due process). (Pl.'s Third. Am. Compl. ¶¶ 503, 507.) Plaintiff attempts to explain its delay by saying that the impact of certain parts of the 1998 Ordinance "did not begin to dawn" on the plaintiff until the County amended the 1998 Ordinance in October 2001. To explain the delay from October 2001 to November 2002, the plaintiff blames its preoccupation with briefing summary judgment as its excuse for not bringing its "new" claims. The court does not find either of these reasons adequate justification for such a lengthy delay. The court notes that plaintiff's proposed pleading would be its fourth complaint, and would come three years after the first complaint was filed in this case. As of this date, discovery has been completed for over a year and summary judgment has been fully briefed since May 2002. The County argues that it would be unduly prejudiced by allowing an amended complaint at such a late date and the court agrees. The court will not excuse the plaintiff's delay of three years in bringing claims based on the 1998 Ordinance, especially when plaintiff offers

the court no persuasive justification for the lengthy delay. *See Cleveland v. Porca Co.*, 38 F.3d 289, 297-98 (7th Cir. 1994) (finding no abuse of discretion in denying motion to amend complaint where motion was filed after discovery was completed and motions for summary judgment were fully briefed); *Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 625-26 (7th Cir. 1987) (same).

The second set of claims in plaintiff's proposed amended complaint are based on the amended 2001 Ordinance and, therefore, are new allegations. Paragraphs 501 and 502 of the proposed amended complaint allege that the 2001 Ordinance is unconstitutionally vague on its face and as applied to Wisconsin Vendors, and paragraph 504 alleges that the 2001 Ordinance is a prior restraint.[7] (Pl.'s Third. Am. Compl. ¶¶ 501, 502, 504.) These claims form a separate and distinct controversy from the one based on the old ordinance. Because the court agrees with the County that allowing the amendment would essentially allow the plaintiff to start a new case, *see Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982) (finding no abuse of discretion in denying motion to amend complaint where motion was filed after discovery was completed and sought to inject a new theory into the litigation), the court will not allow the plaintiff to file a fourth complaint. Further, the amendment would require time-consuming and expensive new discovery. Where an amendment injects a new theory of liability into the case, thereby necessitating substantial additional

---

[7]The allegations in paragraphs 505 (alleging that 2001 Ordinance does not serve a legitimate government purpose) and 506 (alleging that 2001 Ordinance is not narrowly tailored) are not separate claims but rather are part of the constitutional claims listed in paragraphs 501 and 502. (Pl.'s Third. Am. Compl. ¶¶ 505, 506.) The claim in paragraph 508 is not a new claim because it is based on the requirement of a $5000 bond that only existed in the 1998 Ordinance. (Pl. Third. Am. Compl. ¶ 508.) As discussed above in Section III, that claim has been dismissed by Wisconsin Vendors.

discovery, leave to amend should be denied. *Id.* That is more compellingly true when, but for the proposed new claims, the case would be over. Plaintiff's motion to file a supplemental complaint is therefore denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: February 18, 2003